**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 15-00681-VAP (SPx)                    Date:  April 10, 2015

Title:      QUAIL CREEK PROPERTIES, LP -*v*- URIA T. PARKS
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

            Marva Dillard                        None Present
            Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR               ATTORNEYS PRESENT FOR
PLAINTIFFS:                         DEFENDANTS:

        None                                None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO THE
                    CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                    RIVERSIDE (IN CHAMBERS)

        On or about February 17, 2015, Plaintiff Quail Creek Properties, LP ("Quail
Creek"), filed a Complaint in the California Superior Court for the County of Riverside
for Unlawful Detainer against Defendant Uria T. Parks ("Parks") in case number
MVC 1500606.  (See Not. of Removal (Doc. No. 1) Attachments.)   On April 8, 2015,
Parks, appearing pro se, removed the action to this Court on the basis of federal
question jurisdiction, asserting that Quail Creek's action for unlawful detainer is "in
violation of federal anti-discrimination [law], including but not limited to Section 1983
of the federal Civil Rights Acts of 1964."  (Not. of Removal at 2.)  For the following
reasons, the Court REMANDS the action to the California Superior Court for the
County of Riverside.

        Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth

MINUTES FORM 11                             Initials of Deputy Clerk ___md____
CIVIL -- GEN                      Page 1

EDCV 15-00681-VAP (SPx)
QUAIL CREEK PROPERTIES, LP v. URIA T. PARKS
MINUTE ORDER of April 10, 2015

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing <u>Nishimoto v. Federman-Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); <u>see also</u> <u>In re Ford Motor Co./Citibank</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

        Parks argues that Quail Creek's unlawful detainer action is in violation of 28 U.S.C. § 1983, but the Notice of Removal does not elaborate as to how Quail Creek's actions violate that statute.  (Not. of Removal at 2.)  Nevertheless, Parks contends that Quail Creek's violation of federal law confers this Court with federal question jurisdiction.

        Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  From the face of the Complaint, however, Quail Creek's only claim is for unlawful detainer, a California state law action.  <u>See</u> <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  This alone precludes federal jurisdiction in this action.

        Moreover, though Parks cites 28 U.S.C. § 1983 as a basis for jurisdiction, that statute alone "merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 936 (9th Cir. 2003).  For this reason, "[o]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything."  <u>Id.</u> (citation omitted).  Thus, Parker's threadbare assertion that this Court has jurisdiction pursuant to 28 U.S.C. § 1983, without more, fails.

MINUTES FORM 11                                     Initials of Deputy Clerk ___md____
CIVIL -- GEN                          Page 2

EDCV 15-00681-VAP (SPx)
QUAIL CREEK PROPERTIES, LP v. URIA T. PARKS
MINUTE ORDER of April 10, 2015

As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action.  See Cooper v. Washington Mut. Bank, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**